IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-297-BO

| | | |
|---|---|---|
| UNDER ARMOUR, INC. )<br>         Plaintiff, )<br>)<br>v. )<br>)<br>BATTLE FASHIONS, INC. and KELSEY )<br>BATTLE, )<br>         Defendants. | | O R D E R |

This cause comes before the Court on plaintiff's motions *in limine* and motion requesting a hearing to address its pretrial motions. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling.[1]

DISCUSSION

Rulings *in limine* are preliminary and maybe subject to change as the trial unfolds. *Luce v. United States*, 469 U.S. 38, 41 (1984). The Court in its discretion denies Under Armour's motion for a hearing on the motions in limine and will decide the motions on the briefing.

1. <u>Motion *in limine* to exclude Under Armour's endorsement contract [DE 153]</u>

Under Armour (UA) seeks to preclude Kelsey Battle (Battle) from introducing evidence regarding UA's endorsement contract with Stephen Curry under Rules 702, 401, 402, and 403 of the Federal Rules of Evidence. Battle has submitted an expert report regarding his claimed damages, including a hypothetical royalty rate analysis. "[A] 'reasonable royalty' based on a hypothetical negotiation between the parties may supply the quantum of damages in a trademark

---

[1] The Court dispenses with a recitation of the procedural and factual background of this case.

case when a specific loss to plaintiff or gain to defendant cannot readily be identified." *Lumber Liquidators, Inc. v. Stone Mountain Carpet Mills, Inc.*, No. CIV.A. 3:08CV573, 2009 WL 5876245, at *2 (E.D. Va. July 23, 2009).

UA contends that Battle's expert has impermissibly relied on the Curry endorsement contract in conducting his hypothetical reasonable royalty analysis, as only licenses that are comparable to the hypothetical license being negotiated may be considered. UA contends that the Curry endorsement contract is not relevant to quantum of damages in this case because it is an endorsement contract not a trademark licensing agreement.

Battle responds that his expert has used the Curry endorsement contract as just one piece of his overall analysis, and that UA's own expert also uses the Curry endorsement contract in his reasonable royalty analysis. UA does not in its reply address the contention that its own expert has also relied on the Curry endorsement contract. That UA also intends to present expert damages testimony which has relied at least in part on the Curry endorsement contract is a sufficient ground on which to deny the motion seeking to preclude Battle from offering similar evidence. Moreover, the relevance of the Curry endorsement contract to the reasonable royalty rate analysis is better addressed at trial either through cross-examination or when the Court has a more comprehensive view of the evidence. *See, e.g., Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 162 n.14 (4th Cir. 2012); *Finch v. Covil Corp.*, 388 F. Supp. 3d 593, 612 (M.D.N.C. 2019). The motion *in limine* is denied.

2. Motion *in limine* to exclude evidence and argument regarding UA's "I WILL" trademark [DE 156].

UA moves under Rule 401, 402, and 403 of the Federal Rules of Evidence to preclude Battle from introducing evidence and/or argument regarding UA's "I WILL" trademark, which is

2

not at issue in this case. UA contends that such evidence is irrelevant, confusing, a waste of time, and prejudicial.

Battle responds that, although it is not specifically at issue, the "I WILL" trademark is relevant to the claims in the case. Specifically, Battle contends that UA intends to use its own non-accused trademarks as a basis upon which to nullify any similarity between the accused trademarks I CAN DO ALL THINGS and I CAN AND I WILL as well as to argue that Battle's ICAN is a conceptually weak mark. The relevance and utility of evidence concerning non-accused trademarks is better resolved during the trial. *Finch*, 388 F. Supp. 3d at 612; *Nickerson v. State Farm Mut. Auto. Ins. Co.*, No. 5:10CV105, 2011 WL 5192317, at *1 (N.D.W. Va. Oct. 31, 2011). The motion *in limine* is denied.

3. Motion *in limine* to exclude adverse inferences based upon UA's invocation of the attorney-client privilege [DE 158]

UA seeks to prevent Battle from arguing any adverse inferences based upon UA's invocation of the attorney-client privilege over its legal trademark analysis and/or attempting to elicit testimony that would require UA to assert the attorney-client privilege in front of the jury. Throughout this litigation, UA has agreed to allow its witnesses to testify about UA's trademark clearance process, but UA has asserted the attorney-client privilege when asked about the results of its trademark clearance searches.

As Battle correctly argues, he may question UA's trial witnesses about the testimony that they, without objection, provided during their depositions. He may not, however, question UA's witnesses regarding matters about which the witnesses refused to testify during their depositions pursuant to attorney-client privilege. *See Beach Mart, Inc. v. L&L Wings, Inc.*, No. 2:11-CV-44-FL, 2020 WL 6708236, at *3 (E.D.N.C. Nov. 13, 2020). To the extent the foregoing does not

3

resolve the motion in full, UA may renew its objection if necessary at trial when the Court has the benefit of the evidence in context. The motion *in limine* is denied.

4. Motion *in limine* to exclude the testimony and report of Battle's expert Dr. Rene Befurt [DE 161]

UA seeks to exclude an internet survey conducted by Battle's confusion expert, Dr. Rene Befurt, under *Daubert* and Federal Rules of Evidence 702 and 403 because it is unreliable, lacks probative value, and is prejudicial.

Dr. Befurt conducted an internet survey of t-shirt designs attempting to test the likelihood of confusion between Battle's ICAN trademark and UA's use of "I can do all things." UA contends that Dr. Befurt did not replicate real-world market conditions and did not establish a proper control for his survey and that Dr. Befurt's survey and testimony should therefore be excluded.

> Under Rule 702, a district court must ensure that the expert is qualified and that the expert's testimony is both relevant and reliable. In performing this gatekeeping role, a district court is not intended to serve as a replacement for the adversary system, and consequently, the rejection of expert testimony is the exception rather than the rule.

*United States v. Smith*, 919 F.3d 825, 835 (4th Cir. 2019) (internal quotations and citations omitted). Moreover, UA's technical challenges to Dr. Befurt's survey methodology go to the weight of the survey, which is more appropriately addressed on cross-examination. *See Belk*, 679 F.3d at 163. The motion *in limine* to is denied.

The Court further consider the parties' requests to seal documents submitted in support of or opposition to the motions *in limine*. As the proposed sealed materials contain confidential information subject to the parties' stipulated protective order, and as redactions have been filed on the public docket where necessary, the Court will grant the motions to seal on the grounds presented in the respective motions.

## CONCLUSION

Accordingly, for the foregoing reasons, Under Armour's motions *in limine* [DE 153, 156, 158, 161] are DENIED consistent with the foregoing. Under Armour's motion for a hearing to address the pretrial motions [DE 181] is DENIED. The motions to seal [DE 164, 174, and 176] are GRANTED.

SO ORDERED, this **18** day of June, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE