IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-cv-00297-BO

| | |
|---|---|
| UNDER ARMOUR, INC., | ) |
|     Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) ) |
| BATTLE FASHIONS, INC. and KELSEY BATTLE, | ) ) ) |
|     Defendants/Counterclaim Plaintiffs. | ) ) |

## PLAINTIFF UNDER ARMOUR, INC.'S TRIAL BRIEF

Pursuant to Local Rule 39.1(a)(1), Plaintiff Under Armour, Inc. submits this memorandum of authorities on anticipated evidentiary issues and contested issues of law.

1. Battle is seeking to expand his trademark ICAN to include the plain English words "I can…," arguing that the phrases "I can do all things…" and "I can and I will" infringe his trademark. Battle's trademark does not go so far, as evidenced by the vast number of third parties that use "I can…" in phrases on similar products. Battle seeks to exclude evidence of this third-party use. The Court should permit Under Armour to present evidence of third parties using "I can…" in phrases on products, and should take judicial notice of third party registrations and applications from the U.S. Patent & Trademark Office.[1]

2. Battle is seeking Under Armour's profits and royalties related to the entire Stephen Curry Line of products. This is impermissible for three reasons:

---

[1] *See, e.g.*, *Clear Def., L.L.C. v. Cleardefense Pest Control of Greensboro, LLC*, No. 1:17-cv-01139, 2018 U.S. Dist. LEXIS 182065 (M.D.N.C. Oct. 23, 2018) (taking judicial notice of USPTO filings because they are public records).

1

a. Most of Under Armour's profits from the Stephen Curry Line are from sales of basketball shoes, and Battle's trademark does not cover basketball shoes. Battle has never sold basketball shoes; Battle's trademark registration only covers clothing; and Battle specifically removed footwear products from his registration.

b. Most of the products in the Stephen Curry Line do not include the Accused Phrases "I can do all things" or "I can and I will."

c. Battle has suffered no harm from Under Armour's use of the Accused Phrases and Under Armour has not benefitted by use of the Accused Phrases, so neither compensatory damages nor unjust enrichment damages are appropriate.

3. Battle claims willful infringement and so the Court should advise the jury on the legal standard for willful infringement. Battle must show that Under Armour purposely selected or used the Accused Phrases with the intent to deceive consumers and trade off any goodwill that Battle developed in its trademark.[2]

4. Under Armour has agreed that for efficiency and ease of jury understanding, Battle may present his case first despite Under Armour being the named plaintiff. Under Armour has requested that Battle agree to not disparage Under Armour as the declaratory judgement plaintiff in this case and Battle has refused. Battle should not be permitted to disparage Under Armour as the declaratory judgement plaintiff.

5. Battle seeks to argue that Under Armour has enforced its I WILL trademark in the past and draw a parallel to Battle's ICAN trademark. The Court should exclude evidence regarding

---

[2] *Variety Stores, Inc. v. Walmart Inc.*, No. 19-1601, 2021 WL 1171746, at *9 (4th Cir. Mar. 29, 2021) ("We accept Walmart's argument that infringement must be more than 'merely volitional' to be willful."); *Ga.-Pac. Consumer Prods. LP v. Von Drehle Corp.*, 781 F.3d 710, 719 (4th Cir. 2015) ("'[W]illful' does not mean that the defendant's actions were merely volitional, but rather that the defendant acted with the intent to infringe the plaintiff's protected mark.").

Under Armour's enforcement of its "I WILL" trademark, as the trademark is not at issue in this case, and presentation of this evidence would be prejudicial, will confuse the jury, will result in a case within a case.[3]

Dated: July 13, 2021
VENABLE LLP

/s/ *Roger A. Colaizzi*
Roger A. Colaizzi, D.C. Bar No. 414025
Frank C. Cimino, Jr., D.C. Bar No. 462406
Meaghan H. Kent, D.C. Bar No. 977821
Taylor G. Sachs, D.C. Bar No. 1048882
UABattle@venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, D.C. 20001
Telephone: (202) 344-8051
Fax: (202) 344-8300

*Counsel for Plaintiff Under Armour, Inc.*

/s/ *W. Michael Dowling*
W. Michael Dowling
N.C. State Bar No. 42790
Mike@dowlingfirm.com
THE DOWLING FIRM PLLC
P.O. Box 27843
Raleigh, North Carolina 26711
Telephone: (919) 529-3351

*Local Civil Rule 83.1 Counsel for Plaintiff Under Armour, Inc.*

---

[3] Federal Rule of Evidence 401, 402, and 403; *see also* Dkt. No. 157.